IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM RUSSELL WARE | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION: 5:14-CV-0015-CAR |
| Deputy Warden DERRICK HILL | : | |
| | : | |
| Defendant | : | |

_____

## ORDER ON MOTIONS

Plaintiff William Russell Ware, an inmate currently confined at Hancock State Prison in Sparta, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed in this action without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). After conducting a preliminary review of his Complaint, the Court found that Plaintiff could not proceed *in forma pauperis* in the instant case, as three or more of Plaintiff's prior cases or appeals had been dismissed and count as "strikes" under 28 U.S.C. § 1915(g). The Complaint was dismissed for this reason *and* because of Plaintiff's failure to disclose his full litigation history on the complaint form. See Order, Jan. 22, 2014 (Doc. 5). Plaintiff has now moved for relief from judgment and for the appointment of counsel. Both motions are **DENIED**.

I.      <u>Motion to Appoint Counsel</u>

Plaintiff's Motion to Appoint Counsel (Doc. 7) is **DENIED**.   A *pro se* civil litigant may be appointed counsel in those cases found to involve complex or novel legal issues. <u>Poole v. Lambert</u>, 819 F.2d 1025 (11th Cir. 1987).   The issues in this case are neither complex nor novel.   Moreover, the only issue now before the Court is whether Plaintiff is entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).   Plaintiff has adequately addressed this issue in his Rule 60 Motion without the assistance of counsel.

II.     <u>Rule 60 Motion for Relief from Judgment</u>

Rule 60 of the Federal Rules of Civil Procedure allows a district court to "relieve a party . . . from a final judgment [or] order" where there is "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b). Rule 60 also includes a "catch-all" provision allowing the district court to reopen a final judgment for "any other reason justifying relief." <u>Id.</u>   To prevail under this provision, however, a movant must "show extraordinary circumstances."   <u>See</u> <u>Santa v. U.S.</u>, No. 11–14540, 2012 WL 5233564, at *2 (11th Cir. Oct. 24, 2012); <u>Griffin v. Swim–Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984) ("The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result.").

In the present motion, Plaintiff argues (1) that his failure to disclose all prior cases was merely a mistake or inadvertence, qualifying him for relief under Fed. R. Civ. P 60(b)(1); and (2) that he is "in imminent danger of serious physical injury" and thereby entitled to proceed *in forma pauperis* under § 1915(g).  The Court does not need to address Plaintiff's first argument as he cannot prevail on the second.

As was explained in the Court's prior order, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  A review of court records on the U.S. District Web PACER Docket Report revealed, and Plaintiff does not dispute, that three of Plaintiff's prior federal actions or appeals were dismissed and count as "strikes" under section 1915(g).[1]  Plaintiff also concedes that, because of these dismissals, he may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).  To qualify for the "imminent danger" exception, a prisoner must allege the

---

1 See Ware v. Williams, CV612-026 (S.D. Ga. 2012) (dismissed for failure to exhaust); Ware v. Owens, CV612-56 (S.D. Ga. 2012) (dismissed failure to state a claim), on appeal, No. 13-10924-B (11th Cir. 2013) (appeal dismissed as frivolous).

existence of a present, imminent danger of serious physical injury. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999).

This Court specifically considered the "imminent danger" exception during its initial review of Plaintiff's Complaint. The Court found that, although Plaintiff alleged that he was previously assaulted by other inmates, the Complaint only described his past injury and did not allege any specific "ongoing serious physical injury, or . . . a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>See id.</u> Plaintiff was, at that time, confined in administrative segregation, and presumably insulated from the perpetrators of the prior assault. <u>See id.</u> (holding that imminent danger must exist when the complaint is filed, not at a prior time).

Plaintiff's Rule 60 Motion provides no more information than his Complaint and does not identify any mistake or inadvertence (as to the dismissal based on §1915(g)), provide "newly discovered evidence," or satisfy any other specific basis for reconsideration under Rule 60. <u>See</u> Fed. R. Civ. P. 60. The Court will thus assume that Plaintiff is seeking relief under the Rule 60(b)(6) catch-all provision, which allows the court to relieve a party from a final judgment for "any other reason that justifies relief." <u>See id.</u> Plaintiff contends that, if he is released into general population, he would likely be in imminent danger of serious physical injury due to Defendant Hill's "pattern" of showing him favor. Plaintiff alleges that Hill's past conduct – of complimenting and

identifying Plaintiff as a good example in the dorm – has caused other inmates to consider him a "snitch" or "the warden's boy."

While this may be so, Plaintiff only makes general allegations of a potential danger and does not specify any imminent threat of physical injury now posed. According to his Motion, Plaintiff is still voluntarily confined in administrative segregation, and thus a threat of danger from other inmates will not arise unless Plaintiff is transferred back into general population.   Plaintiff's Motion does not allege facts to show that any such transfer is imminent; and in the absence of such facts, Plaintiff cannot not evoke the imminent danger exception to § 1915(g).   The exception is not triggered when a threat from other prisoners ceases to exist as a result of the plaintiff being placed in administrative segregation prior to filing his complaint.   Medberry, 185 F.3d at 1193; see also e.g., DuBois v. Buss, No. 1:11–cv–220, 2011 WL 5593088, at* 2 (N.D. Fla. Oct. 14, 2011) ("Plaintiff concedes that he is in protective custody, and thus his allegations do not reflect that he is facing any real or proximate threat.").

Even if Plaintiff was to be transferred back into general population, his Complaint and Motion also do not allege that Plaintiff would be returned to the dorm housing the "young gang members" who assaulted him; Defendant Hall has allegedly offered Plaintiff a transfer to the dorm for inmates "40 and over." See Motion (Doc. 8) at 6; Compl. (Doc. 1) at 6-7.   Although Plaintiff may subjectively fear the possibility that he

will be victim of another assault in the "40 and over dorm," he has not alleged facts showing the existence of a real and imminent danger in the new dorm.   General allegations of an imminent danger "that are not grounded in specific facts . . . are not sufficient to invoke the exception to § 1915(g)."   <u>DuBois v. Buss</u>, 1:11–cv–220, 2011 WL 5593088, at *1 (N.D. Fla. Oct. 14, 2011); <u>Sutton v. Dist. Attny's Ofc.</u>, 334 F. App'x 278, 279 (11th Cir. 2009).   <u>See</u> <u>also</u> <u>e.g.</u>, <u>Taylor v. Allen</u>, No. 07–0794, 2009 WL 1758801, at * 2 (S.D. Ala. June 16, 2009) (vague and unsupported allegations were not sufficient to show "that being labeled a 'snitch' in a prison environment" created an imminent danger).

The Court therefore finds that Plaintiff has failed to "show extraordinary circumstances justifying the reopening of a final judgment" as is required for relief under Rule 60(b)(6).   <u>See</u> <u>Santa</u>, 2012 WL 5233564 at *2.   Plaintiff's Motion for Relief from Judgment is thus also **DENIED**.   If Plaintiff wishes to bring a new action against Defendant Hill, he must file a new complaint and prepay the entire $350.00 filing fee.

**SO ORDERED**, this 21st day of February, 2014.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr